UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD VICKERS,

        Petitioner,

vs.                          Case No. 3:10-cv-870-J-20MCR

SECRETARY, DOC, etc.; et al.,

        Respondents.

---

## ORDER

### STATUS

On September 22, 2010, Petitioner Donald Vickers filed a *pro se* Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254, pursuant to the mailbox rule. The Petition challenges 2002 state court (St. Johns County) convictions for robbery with a firearm and aggravated assault with a firearm.[1] Four grounds for habeas relief are raised, and the Court is mindful of its responsibility to address each ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013); however, no evidentiary proceedings are required in this Court.

---

[1] The sentence for aggravated assault with a firearm, however, was corrected in 2004 to reflect a three-year mandatory minimum.

Respondents filed a Response to Petition (Response) (Doc. #14)[2] and an Appendix (Doc. #16).[3] Petitioner filed a Reply to Respondents' Response to Petition (Reply) (Doc. #21). See Order (Doc. #13).

## STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to the factual

---

[2] Respondents calculate that the Petition is timely, Response at 5-6, and the Court accepts this calculation.

[3] The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced.

determinations of both trial and appellate courts.   See Bui v.
Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of
counsel in violation of the Sixth Amendment to the United States
Constitution.   In order to prevail on this Sixth Amendment claim,
he must satisfy the two-pronged test set forth in Strickland v.
Washington, 466 U.S. 668, 688 (1984), requiring that he show both
deficient performance (counsel's representation fell below an
objective standard of reasonableness) and prejudice (there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different).

In establishing a claim of ineffective assistance of appellate
counsel, there must be a showing that appellate counsel's
performance was so deficient that it fell below an objective
standard of reasonableness, but also, there must be a demonstration
"that but for the deficient performance, the outcome of the appeal
would have been different." Ferrell v. Hall, 640 F.3d 1199, 1236
(11th Cir. 2011) (quoting Black v. United States, 373 F.3d 1140,
1142 (11th Cir. 2004)).

## EXHAUSTION AND PROCEDURAL DEFAULT

There are prerequisites to a federal habeas review.   The Court
must be mindful of the doctrine of procedural default:

> Federal habeas courts reviewing the
> constitutionality of a state prisoner's

- 3 -

> conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747-748, 111 S.Ct. 2546; Sykes, supra, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ----, ----, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

In addition, in addressing the question of exhaustion, the Court must ask whether the claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal

> rights." <u>Duncan v. Henry</u>, 513 U.S. 364, 365,
> 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per
> curiam) (quoting <u>Picard v. Connor</u>, 404 U.S.
> 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)
> (citation omitted)).  To provide the State
> with the necessary "opportunity," **the prisoner**
> **must "fairly present" his claim in each**
> **appropriate state court** (including a state
> supreme court with powers of discretionary
> review), thereby alerting that court to the
> federal nature of the claim. <u>Duncan</u>, <u>supra</u>,
> at 365-366, 115 S.Ct. 887; <u>O'Sullivan v.</u>
> <u>Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728,
> 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (emphasis added).  In

<u>Baldwin</u>, the Supreme Court recognized a variety of ways a federal

constitutional issue could be fairly presented to the state court:

by citing the federal source of law, by citing a case deciding the

claim on federal grounds, or by labeling the claim "federal." <u>Id</u>.

at 32.

Again, procedural defaults may be excused under certain

circumstances: "[n]otwithstanding that a claim has been

procedurally defaulted, a federal court may still consider the

claim if a state habeas petitioner can show either (1) cause for

and actual prejudice from the default; or (2) a fundamental

miscarriage of justice." <u>Id</u>. at 890 (citations omitted).  In order

for Petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477
> U.S. at 488, 106 S.Ct. 2639).  Under the

- 5 -

> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." <u>Id</u>.
> at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106
> S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). However, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez v. Ryan</u>, 132 S.Ct. at 1315.

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), <u>cert</u>. <u>denied</u>, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

## PROCEDURAL HISTORY

Upon review of the record, the following transpired. Petitioner was charged by amended information with robbery of a firearm and aggravated assault with a firearm. Ex. 1 at 1. He was represented by appointed counsel, Richard A. Selinger, Esquire. <u>Id</u>. at 11-12. Petitioner was tried by jury, and was found guilty

- 6 -

of both counts.  Id. at 32-33.  He was sentenced to life in prison on the first count and to a concurrent ten years on the second count, with a minimum mandatory term of ten years.  Id. at 43-46. He appealed his conviction.  Id. at 54.  On direct appeal, he raised one ground:  the trial court erred in refusing to strike three jurors for cause, denying him his right to an impartial jury. Ex. 3 at i.   The state responded, Ex. 4, and the Petitioner replied.  Ex. 5.  The Fifth District Court of Appeal affirmed per curiam on March 9, 2004.  Ex. 6.  The mandate issued on March 26, 2004.  Ex. 7.

On May 13, 2004, pursuant to the mailbox rule, Petitioner filed a Petition for Writ of Habeas Corpus claiming his appellate counsel was ineffective for failing to inform the appellate court of the holding in Shannon v. State, 770 So.2d 714 (Fla. 4th DCA 2000), and for failing to assert fundamental error.  Ex. 8.  The state responded, Ex. 10, and Petition replied.  Ex. 11.  On June 28, 2004, the petition was denied by the Fifth District Court of Appeal.  Ex. 12.

Petitioner filed a Motion to Correct Illegal Sentence on July 13, 2004, pursuant to the mailbox rule.  Ex. 13.  It was denied on July 20, 2004.  Id.  Petitioner appealed, and on November 5, 2004 the Fifth District Court of Appeal remanded the case to the trial court to correct the mandatory minimum for the concurrent aggravated assault conviction to reflect a mandatory minimum term

- 7 -

of three years rather than ten years. Ex. 16 at 2. The mandate issued on December 30, 2004. Response at 3.

Petitioner filed his first Rule 3.850 post conviction motion on August 6, 2004, pursuant to the mailbox rule. Ex. 19. The trial court allowed Petitioner to amend the motion and add a ground. Id. at 64. The state responded to the motion. Id. at 70-85. In its initial Order on Motion for Postconviction Relief, filed January 21, 2005, the trial court denied grounds one, two, three, four, six, seven, nine, ten, twelve, thirteen, fourteen, and sixteen of the motion. Id. at 99. Petitioner was granted leave to amend ground eleven, and an evidentiary hearing was scheduled to consider the merits of grounds five, eight, fifteen, and seventeen of the motion. Id. at 99-100. Thereafter, the court granted Petitioner's motion to amend ground eleven, and set the matter for consideration at the evidentiary hearing. Id. at 132-33.

An evidentiary hearing was conducted on January 10, 2006, January 12, 2006, and January 13, 2006. Id. at 209-322. On January 25, 2006, an Order on Motion for Postconviction Relief was filed denying the motion. Id. at 182-85. Petitioner appealed the trial court's decision. Id. at 186. An Initial Brief was submitted to the Fifth District Court of Appeal raising one ground: the trial court erred in summarily denying the claim that Petitioner's trial attorney was ineffective for failing to object to prosecutorial misconduct. Ex. 20 at i. The state answered. Ex. 21. The Fifth District Court of Appeal affirmed per curiam on

March 6, 2007. Ex. 22. The mandate issued on March 23, 2007. Ex. 23.

On September 5, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the trial court. Ex. 24 at 1-21. The petition was dismissed for lack of jurisdiction. Id. at 22. Petitioner filed a motion for rehearing, id. at 23-25, rehearing was granted, and the trial court, on October 12, 2006, denied the petition as procedurally barred, and in the alternative, found it to be without merit. Id. at 27-29. Petitioner appealed, Ex. 25, the state answered, Ex. 26, and Petitioner replied. Ex. 27. On February 5, 2008, the Fifth District Court of Appeal affirmed per curiam. Ex. 28. The mandate issued on February 22, 2008. Ex. 29.

Petitioner filed a second Rule 3.850 motion on April 5, 2007, pursuant to the mailbox rule. Ex. 30. He claimed the trial court lacked subject matter jurisdiction because his co-defendant Travis Williams pled nolo contendere to the charges. Id. The motion was denied, noting that the same argument was raised in his habeas petition and denied on the merits. Ex. 31 at 3. The decision was per curiam affirmed on November 25, 2008. Ex. 34. The mandate issued on December 17, 2008. Ex. 35.

Petitioner filed a third Rule 3.850 motion on February 29, 2008, pursuant to the mailbox rule. Ex. 36. He claimed that his trial counsel was untruthful in the evidentiary proceedings on his initial Rule 3.850 motion, and this constituted newly discovered evidence. Id. The trial court denied the motion on May 2, 2008.

- 9 -

Ex. 37.  The Fifth District Court of Appeal affirmed per curiam on September 1, 2009.  Ex. 40.  The mandate issued on September 23, 2009.  Ex. 41.

Petitioner filed a Motion for Post Conviction Relief to Obtain DNA Testing on November 16, 2009.  Ex. 42.  The trial court denied the motion on July 23, 2010.  Id.  The Fifth District Court of Appeal affirmed per curiam on December 21, 2010.[4]  Ex. 43.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Ground One

The first ground of the Petition is the: "[v]oir dire court denied Petitioner a fair and impartial jury by refusing to strike three jurors [Marcus Grabert, Leonard Hartley, and Marjory Hendrickson] for cause in violation of the Sixth Amendment to the United States Constitution."  Petition at 8.[5]  This is the same claim Petitioner raised on direct appeal of his conviction.  Ex. 3.  Respondents argue that this ground, however, has been expanded to assert that juror Carl Ravoli evinced a bias "against the use of a firearm in the commission of a crime" and should have been challenged for cause.  Id. at 11.  To the extent Petitioner has expanded this claim, it is unexhausted and procedurally defaulted.  Therefore, this expansion to the claim is procedurally barred from

---

[4] The mandate was pending at the time of the filing of the Response.  Ex. 44.  See Response at 5.

[5] With regard to the Petition, the Court references the page numbers assigned through the electronic filing system.

federal habeas review.  See Response at 8.  Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if the court does not reach the expanded claim on its merits.  Petitioner is not entitled to habeas relief on the expanded part of ground one of the Petition.

With respect to that portion of ground one that was exhausted on direct appeal, Petitioner is not entitled to habeas relief.  Ex. 6.  The state court's adjudication of this claim was not contrary to or an unreasonable application of clearly established federal law, and was not an unreasonable determination of the facts in light of the evidence.  Accordingly, Petitioner is not entitled to relief on the basis of ground one of the Petition.

### Ground Two

The second ground of the Petition is:  "[t]rial counsel rendered ineffective assistance by failing to raise a for-cause challenge, or move to strike or remove, a bias [sic] juror in violation of the Sixth and Fourteenth Amendments to the United States Constitution."  Petition at 14.  In this ground, Petitioner raises a Sixth Amendment claim asserting he received ineffective assistance of trial counsel for failure to challenge or move to strike a biased juror, Mr. Ravoli.  In evaluating the performance prong of the Strickland ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence.  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the

- 11 -

wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).

After conducting an evidentiary hearing, the trial court concluded that defense counsel was not ineffective. At the hearing, Richard Selinger, after referring to his trial notes, said that Mr. Ravoli did not appear to be a bad juror. Ex. 19 at 230. Indeed, Mr. Selinger did not attempt to strike Mr. Ravoli. Id. at 236. Mr. Selinger considered Mr. Ravoli's comment that police officers may be trained to observe things to be of little significance to Petitioner's case because the witnesses to the crime were lay witnesses, not law enforcement officers. Id. at 236. Indeed, it was not "a police credibility type of case[.]" Id. at 237. The focus of the defense was that lay witnesses would be frightened during a crime and, as a result, would be likely to misidentify the perpetrator of a crime. Id. Petitioner testified that during jury selection, Mr. Selinger told him that Mr. Ravoli was a "good juror." Id. at 251. In response to his counsel's comment, Petitioner said Mr. Selinger was the lawyer. Id.

Mr. Selinger sought additional peremptory challenges, but the trial court denied his request. Id. at 230. Mr. Selinger, however, testified that he did not know whether he would have used

an additional peremptory challenge against Mr. Ravoli, if given the opportunity.  Id.

Post evidentiary hearing, the trial court found:

> In Ground Fifteen the Defendant asserts that his attorney acted deficiently by failing to move to strike a juror who was allegedly pro-gun and stated that he would put a lot of faith in law enforcement officers' testimony. The Defendant's attorney indicated that he did in fact ask for additional peremptory strikes and that he did not receive all of the additional strikes which he requested. Further, the attorney stated that his notes did not indicate that the juror was particularly bad. The fact that the juror was pro-gun could potentially be an advantage to the Defendant who had been charged with a crime involving a firearm. Additionally, none of the identification issues in the case involved law enforcement personnel, but rather, involved lay witnesses. A juror's estimation of law enforcement officers' identification testimony, then, had little bearing on the case. For these reasons, the attorney's decision to keep the juror appears to be the appropriate trial strategy.

Ex. 19 at 183-84.

The Court finds that the denial of post conviction relief on this ground was a reasonable interpretation of the facts, and the trial court did not misapply or reach a result contrary to Strickland. AEDPA deference is due to this state court decision. Petitioner is not entitled to relief on ground two.

In the alternative, this issue was not raised on appeal of the denial of the Rule 3.850 motion; therefore, the ground is unexhausted and procedurally defaulted. Exhaustion requires that an appeal be taken from the denial of a post conviction motion.

Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam).  A notice of appeal was filed, Ex. 19 at 186, as well as an appeal brief.  Ex. 20.  The Fifth District Court of Appeal affirmed per curiam.  Ex. 22.

Here, Petitioner was required to file an appeal brief because he received an evidentiary hearing on his Rule 3.850 motion.  Rule 9.141(b)(3)(C), Fla. R. App. P.  Although an appeal brief was filed, the claim of ineffective assistance of counsel for failure to raise a for-cause challenge or to move to strike or remove a biased juror was not presented, with appellate counsel electing to brief a different claim of ineffective assistance of trial counsel. See Cortes v. Gladish, 216 F. App'x 897, 899 (11th Cir. 2007) (per curiam) (finding failure to address issues in an appellate brief would constitute a waiver only if the Petitioner received an evidentiary hearing on a Rule 3.850 motion); Rogers v. Sec'y, Dep't of Corr., No. 8:07-CV-1375-T-30TGW, 2010 WL 668261, at *53 (M.D. Fla. Feb. 19, 2010) (citing Cortes and finding Rogers waived and defaulted his claim by not briefing the claim, after receiving an evidentiary hearing on his Rule 3.851 motion in state court); Johnson v. McNeil, No. 4:08-cv-00221-MP-MD, 2009 WL 4042975, at *6 (N.D. Fla. Nov. 20, 2009) (citing Cortes for the proposition that "had the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted"); Williams v. McDonough, No.

- 14 -

8:02-CV-965-T-30MAP, 2007 WL 2330794, at *2 (M.D. Fla. Aug. 14, 2007) (not reported in F.Supp.2d) (finding Petitioner received an evidentiary hearing on his Rule 3.850 motion, and "[t]herefore, Petitioner was required to file a brief, he did file a brief, and his failure to address [the grounds] in his brief constitutes a waiver of those issues.").

Upon consideration, Petitioner failed to address this claim of ineffective assistance of trial counsel in his appellate brief; therefore, this failure constitutes a waiver of this claim. Thus, ground two is unexhausted and procedurally defaulted. Petitioner has failed to show cause[6] and prejudice, and he has failed to show that failure to address the claim on the merits would result in a fundamental miscarriage of justice.

In the alternative, to the extent the claim of ineffective assistance of trial counsel claim was properly exhausted, there was no unreasonable application of clearly established law in the state court's decision to reject the <u>Strickland</u> ineffectiveness claim. Indeed, the decisions of the state trial and appellate courts are entitled to deference under AEDPA.

The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established

---

[6] In an attempt to overcome his procedural default, Petitioner argues that his post-conviction appellate counsel was ineffective for choosing to omit this claim of ineffective assistance of trial counsel in the brief on appeal of the denial of the Rule 3.850 motion. The Court will address Petitioner's assertion of ineffective assistance of appellate counsel under ground three.

federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground two, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### Ground Three

In his third ground, Petitioner claims "[c]ourt appointed post-conviction [appellate] counsel deprived Petitioner of due process and access to the courts by abandoning on appeal claims raised in Petitioner's post-conviction motion without Petitioner's consent or approval in violation of the Petitioner's right to the Fifth and Fourteenth Amendments to the United States Constitution." Petition at 18.   In this ground, Petitioner raises a Sixth Amendment claim asserting he received ineffective assistance of appellate counsel for failure to raise all of his claims of ineffective assistance of trial counsel on appeal of the denial of the Rule 3.850 motion.  Instead, appellate counsel elected to focus on one claim of ineffective assistance of trial counsel in the appeal brief: the trial court erred in summarily denying the claim that the trial attorney was ineffective for failing to object to prosecutorial misconduct.

- 16 -

First, the third ground is unexhausted and procedurally defaulted. Petitioner never raised this ground of ineffective assistance of appellate counsel in the state court system. Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice would result if this ground is not addressed on the merits.

Second, with respect to the performance prong under <u>Strickland</u>, appellate counsel was not ineffective for choosing to winnow out the weaker issues to pursue on appeal. <u>Julius v. Johnson</u>, 840 F.2d 1533, 1543-44 (11th Cir.) (per curiam), <u>cert.</u> <u>denied</u>, 488 U.S. 960 (1988). With respect to the prejudice prong, Petitioner has not demonstrated that but for the alleged deficient performance of appellate counsel, the outcome of the appeal would have been different. The trial court conducted an evidentiary hearing on the Rule 3.850 motion, Petitioner was appointed counsel for the hearing, and Petitioner was appointed appellate counsel, upon his request, for the appeal of the denial of the Rule 3.850 motion. The trial court entered a well-reasoned decision for denying Petitioner's claim of ineffective assistance of trial counsel. Appellate counsel's performance was not deficient for electing not to pursue certain claims of ineffective assistance of counsel, especially taking into consideration the testimony of

defense counsel at the evidentiary hearing and the ruling of the trial court on the Rule 3.850 motion.[7]

Finally, pursuant to 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."   In sum, Petitioner is not entitled to habeas relief pursuant to 28 U.S.C. § 2254 on ground three of the Petition.

### Ground Four

In his fourth ground, Petitioner claims he "has been unlawfully convicted and illegally restrained based on a crime that has been solved and adjudicated against another criminal defendant in violation of the Sixth Amendment to the United States Constitution."   Petition at 21.   Apparently, Petitioner believes that since a co-defendant pled nolo or guilty to the offense of armed robbery with a firearm, Petitioner could not be convicted of the same offense.   Id. at 22.   Petitioner raised this ground in a state petition for writ of habeas corpus.   Ex. 24 at 1-12.   The trial court found this ground to be without merit stating:

> Furthermore, even if this Court were to
> determine that this Petition is properly
> before the Court, Defendants' argument is

---

[7] Appellate counsel concluded: "[t]he undersigned attorney has thoroughly reviewed and analyzed this case and there are no claims of error being raised in this appeal that stem from the evidentiary hearing.   The only meritorious issue in this case stems from the trial court's summary denial of ground sixteen."   Ex. 20 at 2.

- 18 -

without merit.  FLA. STAT. ch. 777.011 states
that:

> Whoever commits any criminal offense
> against the state, whether felony or
> misdemeanor,  or  aids,  abets,
> counsels,  hires,  or  otherwise
> procures  such  offense  to  be
> committed,  and  such  offense  is
> committed  or  is  attempted  to  be
> committed,  is  a  principal  in  the
> first  degree  and  may  be  charged,
> convicted,  and  punished  as  such,
> whether  he  or  she  is  or  is  not
> actually  or  constructively  present
> at  the  commission  of  such  offense.
> FLA. STAT. ch. 777.011.

> Pursuant to Florida Statute 777.011, Defendant
> may be found guilty of the substantive offense
> of robbery whether or not Defendant himself
> actually committed the act of taking the money
> from the victim.  Therefore, a guilty plea by
> another defendant involved in the same robbery
> does not render Defendant's judgment illegal.

> Based on the aforementioned, the Petition
> for Writ of Habeas corpus is denied.

Ex. 24 at 28-29.  This decision was affirmed on appeal.  Ex. 28.

In a second Rule 3.850 motion, Petitioner claimed the trial
court lacked subject matter jurisdiction because his co-defendant
pled nolo contendere to the charges.  Ex. 30.  The trial court
found it was precluded from addressing the issue because it had
been previously raised and affirmed on appeal and was law of the
case.  Ex. 31 at 3.

Upon review of the record, the Charging Affidavit states that
the robbery was committed by two suspects, and both suspects
pointed guns at the customers.  Ex. 1 at 4.  Petitioner was

- 19 -

identified by the victim owner, Todd Williams, and three customers
as one of the robbers who wielded a gun. At trial, Williams
testified that both robbers had guns, and when Petitioner's co-
defendant asked for money, Williams threw his money on the floor,
and both robbers [Petitioner and the co-defendant] picked up the
money and ran. Ex. 2 at 284-88. Customers testified that
Petitioner had a gun and was an active participant in the robbery.[8]
Simply, ground four has no merit.

Petitioner is not entitled to relief on ground four of the
Petition. Deference under AEDPA should be given to the state
court's decision, which was affirmed on appeal. The adjudication
of this claim is not contrary to or an unreasonable application of
the law, or based on an unreasonable determination of the facts.
Ground four is due to be denied.

To the extent Petitioner has expanded his claim to raise a
double jeopardy violation, see Petition at 23, the double jeopardy
claim is unexhausted and procedurally defaulted. Petitioner has
not shown cause and prejudice or that a fundamental miscarriage of
justice will result if this double jeopardy claim is not addressed
on the merits.

---

[8] At sentencing, the trial court said: "Mr. Vickers, I have
got to tell you, the evidence in this case is overwhelming. You
robbed the place where everybody in there, except for the babies
and one person, knew you. They found the evidence right behind
your house. The alibi was as ridiculous as any alibi I have ever
heard." Ex. 1 at 102.

## CERTIFICATE OF APPEALABILITY

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

- 21 -

Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

sa 7/24
c:
Donald Vickers
Counsel of Record

- 22 -